NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAI LEE,

        Plaintiff - Appellant,

v.

STATE FARM GENERAL INSURANCE COMPANY,

        Defendant - Appellee.

No. 24-1840

D.C. No.
3:22-cv-00548-LB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted April 10, 2025
San Francisco, California

Before: S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

In this insurance coverage dispute, Kai Lee, the plaintiff, appeals the district

court's grant of summary judgment to the defendant, State Farm General Insurance

Company. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, we

affirm. *See Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Cir. 1996).

1.  The district court correctly concluded that the Policy unambiguously prohibits stacking by its plain language.  The limits of insurance provision states that "[t]he most [State Farm] will pay for the sum of all damages because of all . . . '[b]odily injury', 'property damage' and medical expenses arising out of any one 'occurrence' . . . is the [$300,000 liability limit] for the policy period during which the injury or damage first occurs and no additional limits or coverage will be available for the 'occurrence' or offense under any additional years that this policy remains in force."  An occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The plain meaning of these provisions is that, for all personal injury or property damage arising from a single causative occurrence, State Farm will not pay more than the liability limit for one policy period.  The language: "no additional limits or coverage will be available for the 'occurrence' . . . under any additional years that this policy remains in force," critically distinguishes the Policy here from those in *Atain Specialty Insurance Co. v. Sierra Pacific Management Co.*, No. 2:14-cv-00609-TLN-DB, 2016 WL 6568678 (E.D. Cal. Nov. 3, 2016), on which Lee relies.  In *Atain*, "the policies [did] not state that the per-occurrence limit applies across policy periods," so the court found the policies

permitted stacking.  *Id.* at \*5.  But here, the Policy is explicit that for "any one 'occurrence,'" the insured may call upon only the policy period during which an injury "first occurs," even if the occurrence causes injuries or damage manifesting in multiple policy periods.  Because the Policy is explicit that the per-occurrence limit applies across policy periods, stacking is prohibited.  Further, although the liability limits generally "apply separately to each consecutive annual period," there is a per-occurrence limit that does not reset annually because it is tethered to the policy period where an injury "first occurs."

Contrary to Lee's argument, the language "this policy" in the anti-stacking provision is not reasonably read as temporally confining the liability limit to one policy period.  In context, the phrase "this policy" plainly refers to a broader temporal scope than the one-year "policy period" referenced earlier in the same sentence.  Otherwise, the second half of the sentence would be meaningless, because there could be no "additional years that this policy remains in force."  We decline to manufacture an ambiguity where none exists, and find that *A.B.S. Clothing Collection, Inc. v. Home Insurance Co.*, 34 Cal. App. 4th 1470 (1995), is inapplicable here.  That case analyzed the parties' reasonable expectations in the context of first party coverage, *id.* at 1474, 1478, distinct from the third party liability policy here.  *See Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 663-65 (1995).

2. The record does not show a genuine issue of material fact that the claims settled in the underlying action arose from multiple occurrences. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Under the Policy, "continuous or repeated exposure to substantially the same general harmful conditions" constitutes one occurrence. *See Safeco Ins. Co. of Am. v. Fireman's Fund Ins. Co.*, 148 Cal. App. 4th 620, 633 (2007) ("In determining policy limits, '*occurrence* has generally been held to mean the underlying cause of the injury, rather than the injury or claim itself.'" (quoting *Whittaker Corp. v. Allianz Underwriters, Inc.*, 11 Cal. App. 4th 1236, 1242 (1992))). Even assuming Ms. Cheung suffered injuries or losses from carbon monoxide exposure during multiple policy periods, and although her complaint sought damages for a range of harms, the record before us would not permit a reasonable factfinder to conclude that the underlying settlement encompassed liability for injuries caused by a covered occurrence distinct from the improperly vented heater. *See id.* ("When all injuries emanate from a common source . . . , there is only a single occurrence for purposes of policy coverage." (alteration in original) (citation omitted)).

**AFFIRMED.**